J-S64036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD HAGNER | |
| Appellant | No. 1132 WDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002011-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 24, 2014**

Appellant, Donald Hagner, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his guilty plea to four (4) counts of aggravated indecent assault and one (1) count of corruption of minors.[1] We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> IS IT UNCONSTITUTIONAL TO REQUIRE…APPELLANT TO
> REGISTER FOR A LIFETIME WHEN SAID REGISTRATION

---

[1] 18 Pa.C.S.A. §§ 3125(a)(1), (a)(2), (a)(7), (a)(8), and 6301(a)(1), respectively.

REQUIREMENT EXCEEDS THE STATUTORY MAXIMUM PENALTY FOR APPELLANT'S OFFENSE?

IS THE ADAM WALSH STATUTE UNCONSTITUTIONAL IN REQUIRING…APPELLANT TO REGISTER FOR A LIFETIME?

(Appellant's Brief at 7).

Pennsylvania law states that registration requirements under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, do not constitute criminal punishment. ***Commonwealth v. McDonough***, 96 A.3d 1067 (Pa.Super. 2014). In ***McDonough***, this Court rejected the argument that mandating compliance with SORNA by offenders, who have served their maximum term, is unconstitutional. ***Id.***

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gerald R. Solomon, we conclude Appellant's issues merit no relief. The trial court opinion discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, filed July 28, 2014, at 2-4) (finding: registration requirements imposed by SORNA are remedial, not punitive; registration is properly characterized as collateral consequence of defendant's plea; application of registration requirements is not limited by factors which control imposition of sentence; offender who has served maximum term can still be required to comply with SORNA registration requirements; thus, application of lifetime registration under SORNA to Appellant is not

unconstitutional). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2014

# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    vs.

DONALD HAGNER,

Defendant.

:
:
:
:
:
:
:
:
:
:
:

No.   2011 of 2013

## <u>OPINION PURSUANT TO Pa.R.A.P. 1925</u>

SOLOMON, S.J.                                          July 28, 2014

On April 3, 2014, Appellant, Donald Hagner, pled guilty to Counts 1 through 4 – Aggravated Indecent Assault[1] and Count 5 – Corruption of Minors[2]. Thereafter, this Court ordered an assessment by the Sexual Offender Assessment Board in accordance with Act 2011-111, which assessment concluded that Appellant did not meet the criteria of a sexually violent predator. On June 27, 2014, this Court sentenced Appellant at Count 1 to a term of incarceration for a period of not less than forty-five (45) months nor more than ninety (90) months and ordered Appellant to lifetime registration pursuant to Title 42 Section 9799.23. The Court accepted the guilty pleas at Counts 2 through 5 without further penalty being imposed.

---

[1] 18 Pa.C.S.A. §3125(a)(1), (a)(2), (a)(7), and (a)(8)
[2] 18 Pa.C.S.A. §6301(a)(1)

After he was sentenced, Appellant filed a Notice of Appeal from the Judgment of Sentence to the Superior Court of Pennsylvania. Following this Court's order, pursuant to Pa.R.A.P. 1925(b), Appellant filed his Concise Issues, raising the following issues:

1. Is it unconstitutional to require an appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for appellant's offense?

2. Is the Adam Walsh statute unconstitutional in requiring the an [*sic*] Appellant to register for a lifetime for said crime?

## DISCUSSION

At his first issue, Appellant argues the constitutionality of requiring him to register for a lifetime when the registration requirement exceeds the statutory maximum penalty for his offense and, at his second issue, Appellant argues that the Adam Walsh Act is unconstitutional because it requires him to register for his lifetime.

On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. §16901, *et seq. Commonwealth v. Sampolski*, 89 A.3d 1289 (Pa.Super. 2014). Appellant, a Tier III offender, must register for the remainder of his life. 42 Pa.C.S.A. §9799.15.

2

In support of the sentence imposed, we rely on the Supreme Court's pronouncement that:

> Because we do not view the registration requirements as punitive but, rather, remedial, we do not perceive mandating compliance by offenders who have served their maximum term to be improper. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

*Commonwealth v. McDonough*, 2014 PA Super 150, 1958 WDA 2013 (Pa.Super. 2014) quoting *Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999).

Similarly, the Superior Court has recognized that:

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.
>
> Because the registration requirements under Megan's Law impose only collateral consequences of the actual sentence, their application is not limited by the factors that control the imposition of sentence. Thus, while a defendant may be subject to conviction only under statutes in effect on the date of his acts, and sentence configuration under the guidelines in effect on that same date, the application of the registration requirements under Megan's Law is not so limited. This is so due to the collateral nature of the registration requirement.

*Commonwealth v. McDonough*, 2014 PA Super 150, 1958 WDA 2013 (Pa.Super. 2014) quoting *Commonwealth v. Benner*, 853 A.2d 1068, 1070-1071 (Pa.Super. 2004).

3

While *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles apply behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety. *Gaffney*, 733 A.2d at 619; *see* 42 Pa.C.S. §9791(a)(legislative findings and declaration of policy behind registration of sexual offenders). In fact, one of the main purposes behind SORNA is to fortify the registration provisions applicable to such offenders. *See* 42 Pa.C.S. §9799.10 (purpose of registration of sexual offenders under SORNA); *see also* H.R. 75, 195th Gen. Assemb. Reg. Sess. (Pa. 2012). With this purpose in mind, we cannot find that the law is unconstitutional as it applies to [Appellant].

*Commonwealth v. McDonough*, 2014 PA Super 150, 1958 WDA 2013 (Pa.Super. 2014).

WHEREFORE, it is respectfully submitted that the appeal of Appellant lacks merit and should be denied.

BY THE COURT:

GERALD R. SOLOMON
SENIOR JUDGE

ATTEST:

CLERK

FILED
2014 JUL 28 PM 2 54
JANICE SNYDER
CLERK OF COURTS
FAYETTE COUNTY, PA

PET ___
DEF ___
DA ___ I
PD ___ I
PD ___ I
WARD ___ I
SHER ___
CA ___ I
ATTY ___
CC ___

FAY CTY BAR
ASSOC.

4